

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Patricia McLane*     *Suite 400*     *DIRECT: 410-209-4942*
*Assistant United States Attorney*     *36 S. Charles Street*     *MAIN: 410-209-4800*
*Patricia.McLane@usdoj.gov*     *Baltimore, MD 21201-3119*     *FAX: 410-962-0717*

January 30, 2023

The Honorable Stephanie A. Gallagher
United States District Judge
District of Maryland
Edward A. Garmatz United States District Courthouse
101 W. Lombard Street
Baltimore, MD 21201

      Re:    Sentencing in *United States v. David Banks*
                 Crim. No. SAG-20-207

Dear Judge Gallagher:

      The Defendant, David Banks, is scheduled for sentencing on February 7, 2023, at 10 a.m. Two people lost their lives and one life was irrevocably changed due to Bank's criminal activity. Banks is taking responsibility for these crimes despite the Government not formally charging him with these crimes.  Therefore, a variant sentence of **300 months**' imprisonment is sufficient but not greater than necessary to comply with the goals of sentencing set forth in 18 U.S.C. § 3553(a).

## I. BACKGROUND

      Banks is a member of a violent and deadly enterprise that committed over a dozen carjackings, two non-fatal shootings, four armed commercial robberies and four homicides primarily during the summer of 2019 all for personal profit.  Two homicides, Tavon Lowther and Steven Tasker, were done at the hand of Banks.  Although not charged as a member of the "Foster" enterprise in SAG-19-486, Banks agrees that he participated in the enterprise's criminal acts whose purpose was to carjack and rob individuals throughout east and west Baltimore City for personal property and to sell and divide the proceeds of those robberies among enterprise members.  The purpose was also to conceal their acts.  The enterprise used the carjacked vehicles to commit other robberies to avoid immediate detection; they also used the carjacked cars for personal use and "loaned" them to associates of the enterprise for personal use.

      The core members of the enterprise included Karon Foster and Rashaud Nesmith, who each received 480 months' incarceration and were responsible for multiple murders; Malik Evans, who received 204 months' incarceration because he did not participate in any non-fatal shootings or homicides; Demonte Kellum, who is scheduled for trial June 12, 2023; and two juveniles.  The

enterprise also used multiple associates including Jamai Wells, who is pending sentencing, and Daniel Williams, who is set for trial on June 12, 2023. These men and others either participated in the robberies or assisted the defendants after the robberies by hiding evidence and vehicles. The members do not identify themselves as a traditional gang; the defendants do not have a name, motto, written rules, or national recognition. Rather, the defendants are a local group who terrorized Baltimore City through a series of carjackings and street robberies.

## II.      BANKS ROLE IN THE ENTERPRISE

On June 12, 2019, Banks and three co-defendants carjacked S.A. in his 2004 navy Acura MDX in front of the apartment complex at 4418 Franconia Drive. Banks shot and killed S.A.'s friend, Tavon Lowther, during the robbery. Ballistic evidence, surveillance video, and cell site information would eventually lead ATF agents to connect that crime to at least seven suspects and approximately 24 acts of violence, beginning with a carjacking in April 2019, and ending with the robbery of First Pawn on August 12, 2019. Banks's participation in carjackings and robberies make him responsible for the death of Tavon Lowther and Steven Tasker; Banks also caused the non-fatal shooting of K.K. during an attempt robbery of a drug dealer on July 24, 2019.

Banks is accepting responsibility for these crimes even though he is not charged in SAG-19-486. This agreement saves Government resources and brings closure to the victims and their families. While a 300-month sentence seems paltry to those directly affected by Banks' actions, the Government can only hold Banks responsible for these crimes because of his agreement. Therefore, a variant sentence of 300 months' incarceration is appropriate despite the guidelines calculation.

## III.     UNITED STATES SENTENCING GUIDELINES

The Government agrees with the guidelines' calculations in the Pre-Sentencing Report ("PSR"). Banks is entitled to a two-level decrease based on his acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a); in addition, the Government shall make a motion under U.S.S.G. § 3E1.1(b) further reducing Banks's guidelines by one level. PSR ¶¶ 17-67.[1]

The Government agrees with the Criminal History calculation set forth in the PSR, which concludes that Banks is a criminal history category III. PSR ¶ 80. Banks's advisory guidelines range is 360-480 months. The parties agree however, that a variant sentence of 300 months' incarceration sufficient but not greater than necessary to satisfy the sentencing factors in 18 U.S.C. § 3553(a). The Government turns to those factors now.

---

[1] While technically the Combined Adjusted Offense Level of 45 is correct (PSR ¶ 63), the guidelines treat any total offense level more than 43 as a level 43. U.S.S.G. Chapter 5, Part A (comment n.2). Therefore, the Government has argued in other cases that the Total Offense Level is 40 rather than 42. PSR ¶ 67. Because this plea is pursuant to Rule 11(c)(1)(C), the Government will defer to the Court's interpretation of this provision.

## IV.     THE RELEVANT SECTION 3553(a) FACTORS

The factors set forth in Title 18, United States Code, Section 3553(a) include: (1) the nature and circumstances of the offenses; (2) the history and characteristics of the Defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the Defendant; (6) the need to provide the Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentencing disparity among Defendants involved in similar conduct who have similar records. 18 U.S.C. § 3553(a).

A sentence of 300 months' imprisonment is sufficient but not greater than necessary to achieve the purposes of sentencing under § 3553(a).  Banks and his co-defendants planned and carried out a series of armed carjackings and robberies without regard to the victims' or the public's safety.  This complete and utter lack of regard resulted in the death of two completely innocent men.  Lowther and Tasker's sole fault was possessing property wanted by Banks and his co-defendants.  As a result, Lowther was gunned down in his own parking lot, steps away from the apartment he shared with his fiancé; and Tasker was murdered outside his house, in front of his wife, and whose children were hiding inside the home.

This does not even account for the four armed commercial robberies Banks and others committed in July and August of 2019.  Banks possessed a firearm during each robbery and other injuries and deaths could have easily occurred.

A very significant period of incarceration is necessary to provide just punishment, afford adequate deterrence, and protect the public.  The Government believes this sentence is significant but not greater than necessary.

### A. Nature and Circumstances of the Offense, the Seriousness of the Offense, and the Need to Protect the Public from Further Crimes of the Defendant

A 300-month sentence accounts for the fact that the crimes were heinous and resulted in several people losing their lives.  Banks and other enterprise members went on a string of senseless violence over a short span of time, traumatizing their victims and their families.

In addition to the loss of Tavon Lowther and Steven Tasker, Banks caused the non-fatal shooting of K.K.  On July 24, 2019, Banks and three co-defendants decided to rob a marijuana dealer.  They found the dealer in front of the One Stop store.  They chased the dealer into the store and Banks opened fire.  Banks did not hit the dealer or miraculously anyone else inside the store, including a toddler.  However, the dealer accidently shot K.K., an uninvolved customer, during the attack.  K.K. suffered extreme physical and mental injury because of this event.

The recommended sentence accounts for the pain, loss, and tragedy that Banks left in his wake. Just as importantly, the recommended sentence accounts for the months of terror inflicted on Baltimore City and County by Banks and other enterprise members.

### B. History and Characteristics of the Offender

Clearly Banks's modus operandi is possessing and using firearms, and he started at a young age. PSR ¶¶ 75-77. He also steals property from others. Granted, Banks does not come from a place of means, but that does not justify the violent way he and his co-defendants tried to better themselves. Rather than getting a job, a degree, a legal source of income, Banks stole money and cars from others, and did so armed with his friends and firearms.

And this crime spree is not Banks's first criminal activity. The PSR outlines two other armed robberies committed at the age of 17. PSR ¶¶ 75-76. Banks is a serial armed carjacker/robber with no regard for anyone's safety. Banks was under supervision for failing to register as a gun offender at the time of this crime spree, and clearly a long period of incarceration is warranted to protect the public from Banks's proclivities.

Clearly the loss of his father at a young age had a devastating affect on Banks. PSR ¶ 91. Banks is not unlike many other residents of Baltimore City. However, he chose to lean into his life of crime, rather than asking for help to better himself. As a result, Banks must now face the consequences of his choices.

### C. The Need to Afford Adequate Deterrence.

Taking deterrence into account, a 300-month sentence is the appropriate sentence in this case. Banks has not served any appreciable time in prison prior to his arrest in this matter. This significant amount of incarceration is warranted because of the seriousness of the crime he admits to committing.

Further, imposing a 300-month sentence promotes general deterrence while not being greater than necessary. This sentence tells others that if you take someone's car or property wielding a firearm, or if you take someone's life, you will spend a significant amount of time behind bars. Under all these circumstances, a 300-month sentence is the appropriate sentence in this case to reflect Banks's history and characteristics and to afford adequate deterrence.

### VI.   CONCLUSION

For these reasons, the Government respectfully submits that 300 months' imprisonment would be sufficient but not greater than necessary to achieve the purposes of sentencing under § 3553(a).

Very truly yours,

Erek L. Barron
United States Attorney


_____/s/_____
Patricia McLane
Assistant United States Attorney

cc: counsel of record